IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOE HOMER MARK,<br><br>        Petitioner,<br><br>    v.<br><br>EARL HOUSER,<br><br>        Respondent. | Case No. 3:21-cv-00240-RRB |

## ORDER OF DISMISSAL

Joe Homer Mark, a self-represented prisoner, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 on October 22, 2021.[1] Additionally, Mr. Mark filed a Motion Requesting Representation Through the United States Attorney's Office.[2] He has paid the $5.00 filing fee.

In accordance with federal law, the Court conducts the following preliminary review of this petition.[3]

Mr. Mark alleges that his court-appointed counsel in a prior Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 was ineffective.[4] He states, "I

---

[1] Docket 1.

[2] Docket 2.

[3] Rule 4 of the Federal Rules Governing § 2254 Proceedings ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.")

[4] *See* Docket 1.

challenge the incompetent and [non-existent] counsel of Habeas Petition originally filed."[5] He further alleges:

> Court Appointed counsel Danee Pontious, failed to timely file a notice of appeal in the [Ninth Circuit Court of Appeals and] instead filed a motion for [a] [C]ertificate of Appealability in the U.S. Dist. Court thus the untimely notice of appeal denied further review by the [Ninth Circuit Court of Appeals] and I have thereafter been abandoned by counsel.[6]

Mr. Mark alleges "I was denied the right to appeal from this court by my incompetent attorney in this court."

The Court takes judicial notice of Mr. Mark's prior Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 in *Mark v. Rabeau*, Case No. 3:13-cv-00207-TMB and subsequent appeal *Mark v. Rabeau*, Case No. 16-35600.[7]

28 U.S.C. § 2254(a) provides a legal pathway for an individual held in custody pursuant to a state court judgment to collaterally challenge the conviction "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." However, 28 U.S.C. § 2254(i) prohibits ineffective

---

[5] Docket 1 at 4.

[6] Docket 1 at 5.

[7] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

Case No. 3:21-cv-000240-RRB; *Mark v. Houser*
Order of Dismissal
Page 2 of 3
Case 3:21-cv-00240-RRB   Document 6   Filed 11/29/21   Page 2 of 3

assistance of counsel claims from either federal or state post-conviction proceedings as grounds for relief under Section 2254.[8]

Mr. Mark alleges that his court-appointed counsel in his prior 28 U.S.C. § 2254 was ineffective by failing to timely file a Notice of Appeal. Regardless of the facts, this claim is barred by statute.

Mr. Mark has not presented proper grounds for a petition under 28 U.S.C. § 2254. Therefore, Mr. Mark's petition must be dismissed.

**IT IS THEREFORE ORDERED:**

1. The Petition at Docket 1 is **DISMISSED WITH PREJUDICE**.

2. All pending motions are **DENIED AS MOOT**.

3. The Clerk of Court shall enter a judgment accordingly.

4. A Certificate of Appealability shall not issue.

DATED this 29th day of November, 2021 at Anchorage, Alaska.

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
Senior United States District Judge

---

[8] 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").